JOHN C. STOCKTON, PLAINTIFF IN ERROR, VS. THE JACK-
SONVILLE AND ATLANTIC RAILWAY COMPANY, A CORPOR-
ATION ORGANIZED UNDER THE LAWS OF FLORIDA, DE-
FENDANT IN ERROR.

1. An agreement between two railway companies provided'
that the "J. M. & P. Ry. & N. Co. be allowed to cross the
J. &A. Ry. Co.'s track under such conditions as required
by law, for the sum of $500, or interest on that amount
annually at the rate of eight per cent. at the option of"'
the J. M. & P. Ry. & N. Co. S. executed his written agree-
ment as follows: "This is to certify—an agreement be-
tween J. M. & P. Ry. & N. Co. and the J. & A. R. R. Co.
entered into this day—that in consideration of the J.  &
A. Ry. Co. allowing the J. M. & P. Ry. Co. to cross their
track between S. Jacksonville & St. Nicholas for the sum of
$500, or forty dollars interest payable annually, that I
agree to pay the same—it being understood that I have the
option at any time of paying the $500 and thereby reliev-
ing myself of this guarantee",  Held, that the agreement
of S. binds him to pay $500, or $40 interest upon that sum
annually, at the same time securing to him the option
of paying the $500 at any time in order to relieve himself'
from his agreement; that the agreement is in the alterna-
tive, i. e. to pay $500, or to pay interest annually on that.
sum; that performance of either would discharge the
agreement without performance of the other, and he is·
bound to perform only the one or the other, not both.

2. Under a declaration alleging that three annual pay-
ments provided for by the written contract sued on were·
due, and claiming to recover those three only, it is error
for the clerk after a default for failure to plead, to enter
final judgment for four annual payments, even though the·
fourth matured during the pendency of the suit.

Writ of error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the Court.

*W. H. Baker,* for Plaintiff in Error.

*Fleming & Fleming,* for Defendant in Error.

PER CURIAM.

This cause was referred by the court to its commission-ers for investigation, and they report that the judgment ought to be reversed, unless a remittitur is entered as hereinafter stated.

On June 29, 1893, the Jacksonville, Mayport & Pablo Railway and Navigation Company as party of the first part, and the defendant in error as party of the second part entered into an agreement that "J., M. & P. Ry. & N. Co. be allowed to cross the J. & A. Ry. Co.'s track un-der such conditions as required by law for the sum of five hundred dollars or interest on that amount annually at the rate of eight per cent. at the option of the party of the first part." On the same day plaintiff in error exe-cuted and delivered to defendant in error a written in-strument as follows: "This is to certify—an agreement between Jacksonville, Mayport & Pablo Railway & Navi-gation Company and the Jacksonville & Atlantic R. R. Co. entered into this day—that in consideration of the J. & A. Ry. Co. allowing the J., M. & P. Ry. & Nav. Co. to cross their track between S. Jacksonville and St. Nicho-las for the sum of $500, or forty dollars interest payable annually, that I agree to pay the same—it being under-stood that I have the option at any time of paying the five hundred dollars and thereby relieve myself of this guar-antee."

On October 16, 1896, defendant in error brought suit upon the agreement against plaintiff in error alleging that no part of the monies mentioned in the agreement had been paid, and that there was due thereon to the plaintiff three annual installments of interest. The defendant demurred to the declaration, and the demurrer having been overruled filed his plea, setting forth the language of the agreements as we have quoted them above, and alleging as a conclusion that he did not by such contracts agree and promise as alleged in the declaration. A demurrer to this plea was sustained, and defendant failing to plead further judgment by default was entered against him. Therefore, on October 25, 1897, judgment was entered by the clerk for the sum of one hundred and sixty dollars, reciting that he found defendant indebted to plaintiff in that sum "for interest on said contract of guaranty." From the final judgment this writ of error was taken and the assignments of error, among other things, question the propriety of the rulings on the demurrers, and of the final judgment entered by the clerk.

The only question presented in argument upon the rulings on demurrer is as to the proper construction of the defendant's written agreement. It is argued that it is void for uncertainty; that if not, under its terms defendant did not agree to pay the five hundred dollars, but only interest upon that sum; that his agreement to pay interest embraces only such as would accrue prior to the time the five hundred dollars would become due; that the five hundred dollars was either payable on demand, upon execution of the contract, or would become due within a reasonable time (as no time for its payment was specified), and therefore at the utmost plaintiff could only

ecover the interest accruing between the date of the greement and a reasonable time for payment of the five undred dollars thereafter, which counsel thinks would ot exceed two years.

None of these contentions are in the opinion of the ourt tenable. The defendant's agreement is definite and ertain and free from ambiguity, so that it is neither oid nor subject to the construction contended for. It efers to the agreement that day entered into between he two railway companies, and after stating that in onsideration of the J. & A. Ry. Co. allowing the J., M. . P. Ry. & N. Co. to cross its track for the sum of five undred dollars, or forty dollars interest payable annually, it binds the defendant to pay the same, *i. e.*, the ve hundred dollars *or* the forty dollars annually, at the ame time securing to him the option of paying the five undred dollars at any time in order to relieve himself rom his agreement. By the terms of the agreement between the two railway companies, the J., M. & P. Ry. & . Co. were to pay five hundred dollars, *or* interest on hat amount annually at the rate of 8 per cent., *at its ption*. The last clause in the defendant's agreement vas evidently inserted for the purpose of securing to him he right to be relieved upon payment of the five hundred ollars at any time, even though the J., M. & P. Ry. & Nav. Co. had exercised its option by electing to be bound or the annual interest, instead of the five hundred dollars.

In support of the argument that this agreement should e construed as an obligation to pay the installments of nterest accruing prior to the time the five hundred dollars would fall due, we are referred to the decision in Rector v. McCarthy, 61 Ark. 420, 33 S. W. Rep. 633, S

C. 31 L. R. A. 121. In that case one Churchill execut
notes to Rector in the following form:

"Little Rock, Ark., Jan'y. 1, 1890.

On or before the 1st day of January, 1892, for val
received, I promise to pay H. M. Rector one thousar
and eighty-three dollars and thirty-three cents with int
est at the rate of ten per cent. per annum from date un
paid, interest payable annually." McCarthy & Joy
made the following guaranty upon such notes: "V
guarantee the payment of the interest on the above note
It was held that this guaranty covered only such intere
as accrued prior to the maturity of the note. The diffe
ence between the contract in that case and the one
bar is apparent. In the former case the agreement w:
to pay interest on a debt falling due in the future. In tl
the present case the agreement is to pay either a gro
sum certain or another smaller sum annually. Th
agreement is in the alternative, i. e., to pay five hundr
dollars, or to pay interest annually on that sum. Pe
formance of either would discharge the agreement wit
out performance of the other, and the defendant agree
to perform only the one or the other—not both. If the o
tion to pay the five hundred dollars was exercised, the
nothing would be due upon the other alternative—if tl
option to pay annually forty dollars was exercised, the
nothing would be due upon the other alternative to p:
five hundred dollars, though under the last clause in h
agreement defendant might at any time relieve himse
from his contract by paying the five hundred dollars.
is not suggested that the option secured to the J., M.
P. Ry. & N. Co. had not been duly exercised so as to o
ligate it to pay the annual installments of forty dolla
instead of the five hundred dollars, nor is it suggest

at defendant had ever offered to pay the five hundred llars so as to relieve himself from his agreement. He s liable therefore for the annual installments of forty llars each as they became due, and they are properly coverable under the terms of his contract.

The only other question argued relates to the final dgment. It includes four annual payments of forty llars each. The declaration alleges that three were e, and is framed to recover three only. The maturity the fourth payment was the accrual of a further cause action, not embraced in the declaration, and not an cident to the sum sought to be recovered as interest ereon would be. It could not, therefore, be recovered der the declaration as framed, and it was error to inude it in the judgment. For this error the judgment ust be reversed unless a remittitur is entered for $40, e amount of the fourth payment included in the judgent.

An order will be entered that the judgment of the Cirit Court stand as of the date it was rendered if defendt in error enter a remittitur of forty dollars as of the te of the judgment, but failing to do this within days ter the mandate of this court is received by the Clerk the Circuit Court, the judgment is reversed and the use remanded for further proceedings in accordance ith law and consistent with this opinion. Defendant error will be taxed with the costs of this court.